UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340



WILLIAM J. MARTINI
JUDGE

# LETTER OPINION

January 14, 2010

David S. Barmak
Law Offices of David S. Barmak, LLC
Suite 103 #400
1330 Route 206
Skillman, NJ 08558
   *Attorneys for Plaintiff-Relators*

Elizabeth S. Fenton
Reed Smith LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08543
   *Attorneys for Defendants*

>    Re:   *United States* ex. rel. *Ken Mailly and Barry Inglett v. Healthsouth Holdings, Inc., et al.*
>    <u>Civil Action Nos. 07-2981 and 09-483</u>

Dear Litigants:

   This matter comes before the Court on Defendants' Motions to Dismiss Plaintiff-Relators' Complaint filed under Civil Action Number 07-2981 ("the 2007 Complaint") and Plaintiff-Relators' Complaint filed under Civil Action Number 09-483 ("the 2009 Complaint"). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendants' motions are **GRANTED**. The 2007 Complaint is **DISMISSED WITHOUT PREJUDICE**, whereas the 2009 Complaint is **DISMISSED WITH PREJUDICE**.

1

## I. BACKGROUND AND PROCEDURAL POSTURE

In June 2007, Plaintiff-Relators filed the 2007 Complaint in federal district court. The 2007 Complaint alleges that Defendants, owners of physical and occupational therapy clinics in the United States, operated their businesses using unlawful corporate structures and engaged in unlawful fee splitting practices, resulting in the submission of fraudulent claims for Medicare reimbursement in violation of the False Claims Act, 31 U.S.C. § 3729. (2007 Cmplt. ¶¶ 31-34, 36-38). The 2007 Complaint was filed under seal and *in camera* and served on the United States, as required by 31 U.S.C. § 3730(b)(2). The U.S. declined to intervene in the action on May 15, 2008. (CM/ECF Docket Entry No. 5). On May 19, 2008, the Court unsealed the Complaint and ordered Plaintiff-Relators to serve Defendants. (*Id.* at No. 6). As of the date Defendants filed their Motion to Dismiss the 2007 Complaint, over thirteen months later, Plaintiff-Relators had made no attempts to effectuate service.

In February 2009, approximately nine months after the unsealing of the 2007 Complaint, Plaintiff-Relators filed the 2009 Complaint. The 2009 Complaint is virtually identical to the 2007 Complaint. (Certification of David S. Barmak ("Barmak Certif.") ¶ 12). Plaintiff-Relators allege that they filed the second complaint under the mistaken belief that the 2007 Complaint had been dismissed. (*Id.* at ¶ 9). The 2009 Complaint was not filed under seal or *in camera*. Plaintiff-Relators have made no attempts to serve Defendants with a summons and copy of the 2009 Complaint either. (Dft. Opp. To Pl. Cross- Motion at 2).

Defendants move to dismiss the 2007 Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and to dismiss the 2009 Complaint for failure to adhere to the procedural requirements of a *qui tam* action under the False Claims Act and for being duplicative of a pre-existing complaint.

## II. ANALYSIS

### A. 2007 Complaint

Defendants move to dismiss the 2007 Complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5) permits a court to dismiss a case for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). According to Fed. R. Civ. P. 4(c) and 4(m), a plaintiff must serve the defendant with a valid Summons and copy of the Complaint within 120 days of the initial filing of the Complaint. If a defendant is not served within 120 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, it is clear that Plaintiff-Relators failed to effectuate service within the appropriate amount of time. In an action brought pursuant to the False Claims Act, the 120 day time period for service mandated by Fed. R. Civ. P. 4(m) begins with the unsealing of the complaint. Therefore, the time period for service of the 2007 Complaint

began in May 2008 and expired in September 2008. Plaintiff-Relators made no attempts during this time to serve Defendants.

Plaintiff-Relators do not deny that they failed to serve Defendants within the appropriate time period. Rather, Plaintiff-Relators have filed a cross- motion asking the Court for an extension of time within which to effectuate service. Plaintiff-Relators assert that their delay in service was the result of "mistake, inadvertence, and a misunderstanding." (Barmak Certif. ¶ 14). In particular, Plaintiff-Relators appear to allege that they misunderstood communications from the Department of Justice suggesting that the 2007 Complaint had been dismissed. (*Id.* at ¶ 8). However, Plaintiff-Relators do not explain how this misunderstanding led to their extended period of inaction.

The Third Circuit relies upon a two-step process to determine whether or not to extend the 120 day time period set out in Rule 4(m). *Petrucelli v. Rohringer*, 46 F.3d 1298, 1305 (3d Cir. 1995). First, a district court must analyze whether good cause exists for the plaintiff's failure to comply with the time limit. *Id.* The existence of good cause typically depends upon the plaintiff's reasons for the delay. *Id.* at 1307 (finding that inadvertence of counsel and misunderstanding did not constitute good cause); *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (finding that plaintiff who did not provide any reasons for his delay failed to demonstrate good cause). If the court finds good cause, then an extension must be granted. *McCurdy v. American Board of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).

In the absence of good cause, a court must turn to the second step of the inquiry and decide whether to grant a discretionary extension of time. *Petrucelli*, 46 F.3d at 1306. In deciding whether or not to exercise this discretion, courts have taken into account the length of the delay, the role of counsel, expiry of statutes of limitations, prejudice to the defendant, and confusion, among other considerations. *See Cain v. Abraxas*, 209 Fed.Appx. 94, 97 (3d Cir. 2006); *Veal v. U.S.*, 84 Fed.Appx. 253, 256-257 (3d Cir. 2004); *Chiang v. United States SBA*, 2009 U.S. App. LEXIS 9668 at *7 (3d Cir.).

The only explanations that Plaintiff-Relators provide for their failure to serve Defendants is inadvertence, confusion, and misunderstanding. (Barmak Certif. ¶ 14). It is well settled that reasons such as these do not constitute good cause justifying an extension of the time period within which to effectuate service of process. *See Petrucelli*, 46 F.3d at 1305. Turning to the second step of the inquiry, the Court must decide whether or not a discretionary extension of time should be granted, despite the absence of good cause.

Although cognizant of the procedural and technical difficulties associated with a *qui tam* action, the Court is nevertheless very much concerned by the length of the delay caused by Plaintiff-Relators' failure to abide by the time constraints of Rule 4(m). Over nine months elapsed between the May 2008 unsealing of the 2007 Complaint, triggering the start of the Rule 4(m) time period for service, and the next attempt by Plaintiff-Relators to move forward with the case. Moreover, over a year went by between the unsealing of the complaint and the filing of the instant motion, and no summonses were issued nor were any attempts made at service in this action.

3

Plaintiff-Relators attribute their delay to confusion arising out of a conversation with Alex Kriegsman of the Department of Justice, in which they thought Mr. Kriegsman had informed them that the case had been dismissed. (Barmak Certif. ¶ 8). The Court believes that most likely, Mr. Kriegsman explained to Plaintiff-Relators during this conversation that the U.S. had declined to intervene in the matter, not that the matter had been dismissed outright. Nevertheless, even if Plaintiff-Relators believed that the case had been dismissed, this does not explain why they did not check the docket to confirm the dismissal, move the Court to vacate the supposed dismissal, serve the Defendants anyway if they saw there was no order on the docket terminating the case, or otherwise inquire of the Court as to the case's status. By Plaintiff-Relators' own admission, they took no action at all for nine entire months, at which point they filed a new complaint, virtually identical to the previous filing, because they believed the first one had been dismissed.[1] (Barmak Certif. ¶¶ 9, 12). In light of the long nature of the delay, inexplicable lack of action by Plaintiff-Relators, and blatant disregard for procedural rules, the Court does not see fit to grant Plaintiff-Relators a discretionary extension of time to serve Defendants. Defendants' motion is **GRANTED** and the 2007 Complaint is dismissed without prejudice for insufficient service of process. Plaintiff-Relators' cross-motion for an extension of time within which to effectuate service is **DENIED**.

### B.  2009 Complaint

Defendants move to dismiss the 2009 Complaint for failure to abide by procedural rules and for duplicating the 2007 Complaint. Plaintiff-Relators have not filed any opposition to this motion.

Defendants argue that the 2009 Complaint must be dismissed because Plaintiff-Relators failed to follow mandatory procedural requirements essential to a *qui tam* action, such as filing a False Claims Act suit under seal and *in camera* as set forth in 31 U.S.C. § 3730(b)(2). Indeed, numerous courts have dismissed False Claims Act suits for failure to abide by these requirements. *See United States ex. rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 997-887, 1000 (2d Cir. 1995) (dismissing complaint with prejudice where plaintiff did not file under seal and also did not serve the government); *United States ex. rel. Leonard v. ITT Indus.*, 492 F. Supp. 2d 303, 304, 308 (S.D.N.Y. 2007) (dismissing claims with prejudice where plaintiff did not file under seal). Plaintiff-Relators concede that they did not follow the procedural rules for filing a *qui tam* action; indeed, the front page of the 2009 Complaint states that it was "NOT filed under seal" and "NOT filed in

---

[1] Plaintiff-Relators also indirectly suggest that their delay was the result of information relayed to them by the Court that their case had been administratively dismissed. While it is true that the case was administratively dismissed between October 2007 and May 2008, Plaintiff-Relators concede that the Court made it clear that administrative dismissal was not the same as outright dismissal and also that they did not receive this information until after the February 2009 filing of the second complaint, at which point the 4(m) period of service had already expired, meaning it could not have been a reason for the delay. Moreover, the Court notes that even if Plaintiff-Relators had been aware of the administrative dismissal, a brief examination of the docket would have revealed that the case was administratively re-opened in May 2008, on the date that the 2007 Complaint was unsealed. Thus, this confusion does not serve to justify or excuse Plaintiff-Relators' delay.

4

camera." The procedures for filing a *qui tam* action must be followed strictly. *See Erickson ex. rel. United States*, 716 F. Supp. 908, 911-912 (E.D.Va. 1989). Therefore, the Court agrees with Defendants' position and finds that the 2009 Complaint must be dismissed for failure to abide by these procedural rules.

Because the Court has already determined that the 2009 Complaint must be dismissed, it is not necessary to examine the rest of Defendants' arguments for dismissal. Nevertheless, the Court also notes that the 2009 Complaint should likely be dismissed because it is duplicative of the 2007 Complaint. The False Claims Act provides that when an individual brings an action under the statute, "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3750(b)(5). Courts have routinely held this provision to constitute a jurisdictional requirement. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004) (finding the provision to constitute a "jurisdictional limit on the courts' power to hear certain duplicative qui tam suits"); *United States ex. rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001) (affirming a Fed. R. Civ. P. 12(b)(1) dismissal for lack of subject matter jurisdiction over a False Claims Act action duplicative of a previously filed action). The 2009 Complaint is not only "related to" the 2007 Complaint, but in fact, as Plaintiff-Relators concede, the two are nearly identical. Therefore, the Court recognizes that the 2009 Complaint should likely be dismissed on these grounds as well.

Finally, although it is not raised by Defendants' in the 2009 action but rather in their opposition to Plaintiff-Relators' cross- motion in the 2007 action, Plaintiff-Relators have also failed to serve the Defendants in connection with the 2009 action. The 2009 action was filed in February 2009; as of the filing of the motion to dismiss well over 120 days later, Plaintiff-Relators had made no attempts to serve Defendants and have not to the present day. Moreover, they have provided no explanation. Indeed, aside from filing the complaint, Plaintiff-Relators took no steps at all in the 2009 action and did not even file an opposition to the motion to dismiss. Therefore, while the Court need not decide this issue at this time, the 2009 Complaint should also likely be dismissed for insufficient service of process.

The Court concludes that Defendants' Motion to Dismiss the 2009 Complaint should be **GRANTED**. The 2009 Complaint is **DISMISSED WITH PREJUDICE**.

### III.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the 2007 Complaint is **GRANTED** and Plaintiff-Relators' cross- motion for an extension of time for service is **DENIED**. The 2007 Complaint is **DISMISSED WITHOUT PREJUDICE**. Defendants' Motion to Dismiss the 2009 Complaint is **GRANTED**, and the 2009 Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.